UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LAWRENCE S. BROWN,

    Petitioner,

vs.

CYNTHIA TAMPKINS,

    Respondent.

No. C 13-0016 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations. Petitioner has filed an opposition and respondent has filed a reply. For the reasons that follow, the motion will be granted.

## DISCUSSION

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the

exercise of due diligence. 28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).   The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on several counts in Monterey County to a six year, eight month term on May 24, 2005.  Motion to Dismiss (MTD), Ex. 1 at 1, 11.  On November 1, 2006, the California Court of Appeal remanded the matter for retrial on just two counts, and directed the trial court to enter a new judgment reflecting that the sentence for a third count be stayed.  Ex. 1 at 39-40.  The California Supreme Court denied review on January 17, 2007.  Ex. 2.

On March 8, 2007, the two counts remanded for retrial were dismissed by the prosecution.  Ex. 3.  The abstract of judgment was amended on November 28, 2007, and February 28, 2008.  Ex. 4.  The abstract was amended a final time on June 22, 2009.  Ex. 5.  The sentence remained six years and eight months.  *Id.*  Petitioner filed a habeas petition in the Monterey County Superior Court on February 6, 2012, that was denied as untimely on March 28, 2012.  Ex. 6.  On April 17, 2012, petitioner filed a habeas petition in the California Court of Appeal, that was summarily denied on May 1, 2012.  Ex. 7.[1]  The instant federal habeas petition was filed on January 2, 2013.

The final abstract of judgment was amended on June 22, 2009, and giving petitioner the benefit of the doubt was the latest date for the statute of limitations analysis.  The conviction therefore became final 60 days later on August 21, 2009, as petitioner did not appeal. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after

---

[1] Petitioner filed other state habeas petitions that were denied prior to the start of the statute of limitations.  Respondent did not include these petitions as they do not affect the statute of limitations analysis.  *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (A state habeas petition that is filed and denied before the federal limitations period begins does not have any tolling effect.)  Petitioner has included the petitions which indicate they were denied prior to the commencement of the statute of limitations.  Opposition, Ex. 8.

conviction); Cal. Rule of Court 8.104(a). The statute of limitations expired one year later on August 21, 2010. *See* 28 U.S.C. § 2244(d)(1). The instant federal petition filed on January 2, 2013, in untimely absent tolling.

Petitioner's first state habeas petition after the conviction became final, was filed in Monterey County Superior Court on February 6, 2012, more than a year after the expiration of the statute of limitations. Petitioner will not receive statutory tolling for this state habeas petition or the next petition filed in the court of appeal, as they were filed after the expiration of the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Thus, this petition is untimely.

**Actual Innocence**

Petitioner argues that he is actually innocent, therefore the court should review the merits of his claims.

In *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), the Supreme Court recently ruled that a "convincing showing" of actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995) can overcome the AEDPA statute of limitations. In *Schlup*, 513 U.S. at 324, the Supreme Court held that, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Further, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Under *Schlup*, petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882–83 (9th Cir. 2003).

The Supreme Court has stressed that the exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518, 522 (2006). Moreover, the Ninth Circuit has noted that, because of "the rarity of such evidence,

in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thomas*, 523 U.S. 538, 559 (1998)).

In support of his actual innocence claim, petitioner contends that the trial court gave improper jury instructions. Petitioner includes a declaration from his appellate counsel. Opposition, Ex. 7. Counsel states he no longer has the trial record, but according to petitioner, the trial court failed to give certain instructions and other instructions were not complete. *Id*. Counsel states that if petitioner's information is correct, it is a claim he should have raised on appeal. *Id*.

Petitioner's allegations regarding jury instructions do not rise to the high level required to state a claim of actual innocence. *See Schlup*, 513 U.S. at 328 (noting the need to present "evidence tenably claimed to have been wrongly excluded or to have become available only after the trial"); *see also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011) (en banc) ("to pass through the *Schlup* gateway, a petition must show reliable evidence of his innocence that was not, and could not have been, presented at trial") (Kozinski, C.J., concurring). Petitioner has not presented new evidence or shown that no reasonable juror would have convicted him based on the alleged instructional error.

**Equitable Tolling**

Petitioner also argues that he is entitled to equitable tolling.

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation and citation omitted); accord *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 130 S. Ct. at 2565.

Petitioner bears the burden of showing "extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation and citation omitted). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034–35 (9th Cir. 2005). Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

To the extent that petitioner argues for equitable tolling due to appellate counsel's failure to have raised the jury instruction claim on direct appeal, petitioner has failed to argue why he was unable to raise the issue in a timely manner. Petitioner even states that he began to consider that the jury instructions could be improper after the court of appeal remanded several counts back to the trial court on November 1, 2006. Opposition at 7. It is not clear why several years passed before these claims were pursued. That petitioner did not fully recognize the significance of the legal issues due to his minimal knowledge of the law, will not support equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.) Petitioner's arguments are insufficient to warrant equitable tolling.

## CONCLUSION

Respondent's motion to dismiss (Docket No. 15) is **GRANTED** as discussed above. The petition is **DISMISSED**. The clerk shall close the file.

## APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Here, the court declines to issue a COA regarding the procedural holding or the underlying claims as reasonable jurists would not find the court's findings debatable. The court therefore DENIES a COA.

**IT IS SO ORDERED.**

Dated: January 7, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.13\Brown0016.mtd.wpd